# DEITSCH BROTHERS *v.* LOONEN.

TRADEMARKS; REGISTRATION; CANCELATION; PUBLIC POLICY.

1. An applicant will not be permitted to urge as fraudulent and improper the same trademark use on which he founds his claim to cancelation.
2. The use of the red cross symbol as a trademark, beginning prior to the year 1905, is not against public policy, in view of the proviso in the registration act of 1905 declaring the use of such marks permissible if they antedated that year.
3. The failure of a foreign applicant for a trademark to file his appli-

cation in the United States within four months after the application in the country in which he is located does not exclude him from the benefit of the registration act of 1905, but merely deprives him of the benefit of the date of the foreign application.

No. 760. Patent Appeals. Submitted May 13, 1912. Decided May 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for the cancelation of the registration of a trademark. *Affirmed.*

The COURT in the opinion stated the facts as follows:

Deitsch Brothers appeal from a decision of the Commissioner of Patents denying an application for the cancelation of the registration of a trademark.

On March 20, 1906, Charles Loonen, a citizen of France, obtained registration of a trademark for tooth brushes, consisting of the words "Red Cross" and the representation of a red Greek cross. Deitsch Brothers first filed application to cancel this registration May 7, 1906. This was dismissed on appeal to the Commissioner October 10, 1908, affirming a decision to that effect by the Examiner of Interferences. The ground of the decision was that, for the want of a sufficient allegation of probable injury, the Commissioner had no jurisdiction to entertain the application. December 10, 1908, Deitsch Brothers filed a new application, alleging facts which were held sufficient to show injury. They alleged the adoption and use of the red cross symbol in the year 1902, and its continuous use as a trademark. Loonen pleaded the decision of the former application in bar, and, by way of answer, alleged the adoption and use of the trademark in 1899 and continuously since. There was also a suit for infringement by Loonen against Deitsch Brothers involving the same mark, in the circuit court of the United States for the eastern district of New York, the pendency of which was also pleaded. The proceedings in that case are not in the record.

The Examiner of Interferences and the Commissioner, successively, overruled the said pleas, but, finding that Loonen had used the trademark since the year 1899, that his use was lawful, and his registration regular, decided in his favor, and dismissed the application for cancelation.

*Mr. J. L. Levy* for appellant.

*Mr. C. P. Goepel* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The testimony is ample to show that Loonen used the red cross symbol upon his tooth brushes first in the year 1899. It was conspicuously branded thereon. Quantities of those brushes were shipped to his selling agent in the city of New York, and by said agent and his salesmen sold to the trade in several States of the Union. That Loonen was the manufacturer, and that this was his trademark, was well known to the trade. As Deitsch Brothers did not allege use of the mark until 1902, Loonen has clearly established his prior right. Upon evidence submitted by the same parties in the infringement suit heretofore referred to as pending, and which has since been decided, the learned district judge came to the same conclusion. *Loonen* v. *Deitsch,* 189 Fed. 487.

This conclusion renders it unnecessary to consider the effect of the former decision as a bar to the second application. In passing it by, we are not to be understood as intimating any opinion upon the question involved. As the evidence undoubtedly shows the prior use of the trademark by Loonen, we prefer to rest our decision upon that conclusion.

The question of the fraudulent or improper use of the trademark is satisfactorily discussed and settled in the opinion of Judge Hand in the case before referred to, and we see no occasion to add anything thereto. It hardly lies in the mouth of the applicants to urge as fraudulent and improper the same

trademark use on which they found their claim to cancelation. As to the charge that the trademark use of the red cross symbol was against public policy prior to the year 1905, we entirely concur with Judge Hand, who, in the opinion before referred to (189 Fed. p. 492), says: "The fifth defense is that it is against public policy to allow the red cross to become a trademark. This needs no answer after the acts of 1905 and 1910. Whatever may have been the policy before, Congress has now definitely declared in the proviso of the latter act that it would permit such marks if they antedated 1905. Congress had power so to legalize the use of it; the question of public policy was for it, and for it alone, and it is now finally closed." See also *Ex parte Batchellor,* 85 Off. Gaz. 1583.

The next contention of the appellants is that, as Loonen registered his trademark in France in 1899, and did not apply for registration in the United States within four months thereafter, he is not entitled to the benefit of the registration act of 1905. The registration was had under sec. 2 of that act, which permits registration of a trademark by one who resides in a foreign country if he makes a statement that he has registered his mark in the foreign country, or applied for registration therein. There is no limitation as to the time of this prior registration or application. Sec. 4 is an independent provision relating to the effect of applications in foreign countries which extend the same effect to applications and registrations by our citizens. If such privilege be extended by them to citizens of the United States, such an application shall be accorded the same force and effect as would be accorded to the same application if filed in this country on the date on which it was first filed in such foreign country; provided that such application is filed in this country within four months from the date on which the application was first filed in such foreign country; and provided also that the certificate of registration shall not be issued until registration has been made in the country in which the applicant is located.

We agree with the Commissioner, that "the act does not make it compulsory for a foreign applicant to file his application

in this country within four months after the application in the country in which he is located, but merely states that unless so filed, it will not be entitled to the benefit of the date of the foreign application."

The decision is right and will be affirmed. It is so ordered, and the Clerk will certify this decision to the Commissioner of Patents.                                        *Affirmed.*